IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:05-CR-1-2H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GARY NELSON GAYNOR, | ) | |
| Defendant. | ) | |

This matter is before the court on remand from the Fourth Circuit Court of Appeals. On April 18, 2013, the Fourth Circuit issued its decision vacating this court's denial of defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines and remanding the case for further consideration of defendant's § 3582(c)(2) motion.

Defendant was previously convicted of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack), a quantity of cocaine, and a quantity of marijuana in violation of 21 U.S.C. § 846 ("count one") and possession of a firearm during and in relation to a drug offense in violation of 18 U.S.C. § 924(c)(1) ("count nine"). At the time of sentencing, the court found the advisory guideline range to be 195 months to 228 months (135-168 months on count one and a consecutive term of 60 months on count nine)

and the statutory minimum sentence to be 180 months (120 months on count one and a consecutive term of 60 months on count nine). Upon the government's motion for substantial assistance, on December 6, 2005, the court imposed a sentence below both the advisory guideline range and the statutory minimum, sentencing defendant to a term of 120 months (120 months on count one and a concurrent sentence of 60 months on count nine).

On January 14, 2009, the defendant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on crack cocaine guideline amendments made retroactive by the United States Sentencing Commission. On February 25, 2009, this court granted defendant's 18 U.S.C. § 3582(c)(2) motion and reduced defendant's sentence as to count one. In calculating the reduced sentence, the court concluded that the previous term of imprisonment imposed on count one (120 months) was approximately eleven percent below the bottom of the guideline range and that defendant's amended sentence should be comparably reduced from the bottom of the amended guideline range of 120 months. Accordingly, the court reduced defendant's sentence on count one by approximately eleven percent, from 120 months to 106 months.[1]

---

[1] Defendant's sentence on count nine remained a concurrent term of 60 months, for a total term of imprisonment of 106 months.

2

Thereafter, the government requested reconsideration of the sentence reduction, arguing that the court was without authority to reduce defendant's sentence below the 120-month statutory minimum applicable to count one. The court rejected the government's request, concluding that its original sentence of 120 months was below the 180-month statutory minimum because of the government's motion for departure made pursuant to 18 U.S.C. § 3553(e). Thus, on June 12, 2009, the court denied the government's motion for reconsideration and reaffirmed its February 25, 2009, order reducing defendant's sentence to 106 months.

On March 9, 2012, defendant filed a second motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), this time based upon Amendment 750 of the United States Sentencing Guidelines. On March 30, 2012, this court denied defendant's motion on the following basis:

> Although application of the Fair Sentencing Act of 2010 retroactive amendments results in a lower guideline imprisonment range, it does not have the effect of lowering the defendant's guideline range because the low end of the revised range in Count 1 is the mandatory minimum sentence.

On appeal, the Fourth Circuit concluded that this court had "erred in determining that Gaynor is ineligible for a further reduction, and in concluding that Amendment 750 did not have the effect of lowering his Guidelines range." United States v.

Gaynor, No. 12-6650, slip op. at 12 (4th Cir. Apr. 18, 2013). Consequently, the Fourth Circuit vacated this court's order denying defendant's second § 3582(c)(2) motion and remanded the case for this court to determine, in its discretion, whether defendant should receive a further reduction in his sentence.

In its March 30, 2012, order, this court did not conclude, nor did it intend to intimate, that defendant was rendered **ineligible** for a sentence reduction because the low end of the advisory guideline range had not changed. In fact, the court explicitly stated that "application of the Fair Sentencing Act of 2010 retroactive amendments results in a lower guideline imprisonment range." However, because defendant's revised guideline range is the statutory minimum of 120 months, application of the amended guidelines does not have the effect of lowering defendant's sentence. Defendant's current sentence is 106 months, below the guideline range applicable to defendant at the time that sentence was imposed (and also below the current amended guideline range). According to the United States Sentencing Commission's policy statements, any sentence reduction in such a case should be comparable to the prior departure. See U.S. Sent. Guideline § 1B1.10 & App. Note 3 (providing an exception to the rule that a defendant's sentence may not be reduced below the amended guidelines range where the court previously departed below the applicable guideline range

4

based on the defendant's substantial assistance). In this case, both the original sentence and the sentence imposed upon defendant's first § 3582(c)(2) motion represent an eleven percent departure from the bottom of the applicable guideline range. Applying a comparable reduction now results in a sentence of 106 months on count one and, therefore, does not have the effect of lowering defendant's sentence.

Furthermore, defendant's current sentence of 106 months represents a downward departure of more than forty percent from the statutory minimum sentence applicable to defendant's offenses. Having considered the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger posed by a reduction in defendant's sentence, and defendant's post-sentencing conduct, the court finds, in its discretion, that further reduction of defendant's sentence is not warranted at this time.

This *16* day of May 2013.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31

5